In re SOUTHOLD DEVELOPMENT CORP., Debtor.

The OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SOUTHOLD DEVELOPMENT CORP., Plaintiff/Respondent,

v.

Herbert MITTEMYER, Defendant/Appellant.

In re SOUTHOLD DEVELOPMENT CORP., Debtor.

The OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SOUTHOLD DEVELOPMENT CORP., Plaintiff/Respondent,

v.

Elomex GNESH, Defendant/Appellant.

In re SOUTHOLD DEVELOPMENT CORP., Debtor.

The OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SOUTHOLD DEVELOPMENT CORP., Plaintiff/Respondent,

v.

Wolfgang HERING, Defendant/Appellant.

Nos. CV 92–3877—92–3879.

United States District Court, E.D. New York.

Dec. 18, 1992.

Cadwalader, Wickersham & Taft by Mark J. Jacobs, New York City, for plaintiff/respondent.

Rosen & Bernard by Avrum J. Rosen, Huntington, NY, for defendants/appellants Mittemyer, Gnesh and Hering.

Meltzer, Lippe & Goldstein, P.C., Mineola, NY.

Minerva & D'Agostino, Valley Stream, NY.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

In the three above-referenced actions, all arising out of the bankruptcy of the Southold Development Corporation ("Southold" or "Debtor"), the Official Committee of Unsecured Creditors of Southold Development Corporation ("plaintiff" or "appellee"), is attempting to bring suit against Elomex Gnesh, Wolfgang Hering and Herbert Mittemyer ("defendants" or "appellants") in order to recover moneys allegedly received by defendants, insiders of Southold, as fraudulent and/or preferential transfers. Now before the Court is an appeal from an Order of Bankruptcy Court Judge Robert John Hall, dated June 22, 1992, denying defendants' motion to dismiss for failure to properly and timely serve defendants and instead quashing the service of process and granting plaintiff sixty days in which to properly serve defendants. For the reasons stated below, this Court remands this case to the Bankruptcy Court for further findings.

## I. BACKGROUND

The following facts are not disputed by the parties. On July 20, 1989, Southold filed a voluntary petition for bankruptcy pursuant to Chapter 11 of the Bankruptcy Code. On July 16, 1991, in order to afford plaintiff standing to bring avoidance actions on behalf of Southold, the Debtor

entered into a stipulation allowing plaintiff to bring such actions. This stipulation was "so ordered" by the Bankruptcy Court on July 23, 1991.

On July 19, 1991, just one day before the expiration of the applicable statute of limitations, the instant cases were commenced by filing complaints and issuing a first set of summonses. No attempt was ever made to serve this first set of summonses. On November 18, 1991, 122 days after the complaints were filed, a second set of summonses was issued. Some time thereafter, the Clerk of the Bankruptcy Court sent the second set of summonses and complaints to the defendants in Germany by registered mail pursuant to Federal Rule of Civil Procedure 4(i)(1)(D).

Subsequently, defendants moved to dismiss the complaints for insufficiency of service of process and for insufficiency of process pursuant to Bankruptcy Rule 7012(b) and Rules 4(j), 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure. In particular, defendants contended that plaintiff's complaints should have been dismissed for failure to serve them within 120 days, or to provide "good cause" for such failure as required under Rule 4(j).[1] Plaintiff countered that the 120–day requirement of Rule 4(j) is irrelevant because Rule 4(j) does not apply when, as in the instant cases, a plaintiff attempts to serve defendants in a foreign country pursuant to Rule 4(i).

The issue of whether plaintiff's delay caused any prejudice to defendants was briefly addressed by the parties at oral argument before the Bankruptcy Court. However, other than referring in a general way to the equities in these cases, the Bankruptcy Court's decision did not address this issue.

In its Order of June 22, 1992, the Bankruptcy Court found that the service of process by mail in Germany was not effective because it failed to comply with the requirements of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"). Relying on *Harris v. Browning–Ferris Indus. Chemical Serv., Inc.*, 100 F.R.D. 775, 777 (M.D.La. 1984), the Bankruptcy Court refused to dismiss these cases. Instead it quashed the service and granted plaintiff sixty days in which to make proper service.

At oral argument before this Court, plaintiff explained that the reason for its delay in service was its desire to save money by not serving defendants during a period when the parties were discussing a possible settlement.

## II. DISCUSSION

 The sole issue before this Court is as follows: Where plaintiff fails to make any attempt to serve process on defendants until more than 120 days after filing the complaint, did the Bankruptcy Court err, as a matter of law, by quashing the service of the summonses and complaints and granting plaintiff additional time to complete service rather than dismissing these cases pursuant to Rules 4(j), 12(b)(4) and 12(b)(5)?[2] This appeal raises issues of law requiring a *de novo* review. *See In re New England Fish Co.*, 749 F.2d 1277, 1280 (9th Cir.1984).

Appellee first notes that when a plaintiff fails to properly serve process on a defendant pursuant to the Hague Convention, a court has the discretion to quash service and grant the plaintiff additional time to serve. *Vorhees v. Fischer & Krecke*, 697 F.2d 574 (4th Cir.1983); *Lyman Steel*

---

**1.** Rule 4(j) provides as follows:

> Summons: Time Limit for Service. If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice.... This subdivision shall not apply to service in a for-

eign country pursuant to subdivision (i) of this rule.

**2.** As a preliminary matter, this Court grants appellants leave to appeal to this Court pursuant to 28 U.S.C. § 158(a). *See In re Beker Indus. Corp.*, 89 B.R. 336, 341 (S.D.N.Y.1988) ("Leave should be granted if there are controlling questions of law ... [and] if an immediate appeal from the order may materially advance the ultimate termination of the litigation").

*Corp. v. Ferrostaal Metals Corp.,* 747 F.Supp. 389, 401 (N.D.Ohio 1990); *A.I.M. Intern., Inc. v. Battenfeld Extrusions Systems, Inc.,* 116 F.R.D. 633 (M.D.Ga.1987); *Harris,* 100 F.R.D. at 775. Appellee then notes that in *Montalbano v. Easco Hand Tools, Inc.,* 766 F.2d 737 (2d Cir.1985), the Second Circuit stated:

> Where service of process is insufficient, "the Courts have broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant," (footnote omitted), even though service will ordinarily be quashed and the action preserved where "there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly." (footnote omitted).

*Id.* at 740. Finally, appellee relies on *Lucas v. Natoli,* 936 F.2d 432, 433 (9th Cir. 1991) (per curiam), *cert. denied,* —— U.S. ——, 112 S.Ct. 971, 117 L.Ed.2d 136 (1992), in which the Ninth Circuit summarily held that under the clear language of the statute, the Rule 4(i) exclusion in Rule 4(j) is applicable when service is made in a foreign country pursuant to Rule 4(i), even when the plaintiff does not attempt to serve the defendant within 120 days of the filing of the complaint. Therefore, appellee contends, the Bankruptcy Court had the discretion to quash service of process in these cases and to grant plaintiff additional time to serve defendants.

Appellants also rely on *Montalbano,* noting that the Second Circuit upheld the dismissal of a complaint pursuant to Rule 4(j) where the third-party plaintiff failed to properly serve a foreign defendant within 120 days, "especially since [the third-party plaintiff had] not exactly bent over backward to effect service." *Id.* at 740. *Montalbano,* however, is inapplicable to the instant cases: the third-party plaintiff in *Montalbano* attempted to serve process on the defendant pursuant to Rules 4(c)(2)(C)(ii) and 4(d)(3) rather than under

Rule 4(i). *See Lucas,* 936 F.2d at 433. In contrast, plaintiff in the instant cases attempted to serve process in a foreign country pursuant to Rule 4(i)(1)(D), thus arguably invoking the exclusion in Rule 4(j).

Rule 4(j) was adopted by Congress as part of the Federal Rules of Civil Procedure Amendments Act of 1982 (the "Act"), Pub.L. No. 97–462, 96 Stat. 2527, on January 12, 1983, and became effective on February 26, 1983. *See* Court Rules, 96 F.R.D. 75. The 120–day service requirement of Rule 4(j) was adopted in order to encourage the "prompt movement of civil actions in the federal courts."[3] Service Under Amended Rule 4, Appendix A—Congressional Record, 96 F.R.D. 81, 120; *Quann v. Whitegate–Edgewater,* 112 F.R.D. 649, 661 (D.Md.1986); 2 *Moore's Federal Practice,* Para. 4.46 at 4–433 n. 8 (1990). Moreover, this policy has been enforced in numerous cases where courts have dismissed complaints for failure to timely serve process without "good cause" for the delay. *See, e.g., Cox v. Sandia Corp.,* 941 F.2d 1124, 1125 (10th Cir.1991); *Norlock v. Garland,* 768 F.2d 654, 657 (5th Cir.1985); *Wei v. Hawaii,* 763 F.2d 370, 372 (9th Cir.1985); *Lopez v. United States Postal Serv.,* 132 F.R.D. 10, 12 (E.D.N.Y.1990); *Gordon v. Hunt,* 116 F.R.D. 313, 325 (S.D.N.Y.), *aff'd,* 835 F.2d 452 (2d Cir.1987), *cert. denied,* 486 U.S. 1008, 108 S.Ct. 1734, 100 L.Ed.2d 198 (1988).

This Court believes that Congress exempted service under Rule 4(i) from the time constraints of Rule 4(j) because "the vagaries of such service [can] render the Rule 4(i) time limit too burdensome." *Green,* 816 F.2d at 881. Based on that analysis, and on the general intent of Rule 4 to encourage the prompt movement of civil actions in federal courts, it seems illogical to allow a plaintiff who does not even attempt to serve a defendant for more than 120 days after the filing of the complaint to avoid dismissal under Rule 4(j) by

---

**3.** The legislative history of the Act consists solely of a "historical statement and explanation" submitted by Representative Don Edwards, a co-sponsor of the bill. *Green v. Humphrey Elevator and Truck Co.,* 816 F.2d 877, 880 (3rd Cir. 1987) (citing 128 Cong.Rec.H. 9848, *reprinted in* 1982 U.S.Code Cong. & Admin.News 4434; 96 F.R.D. at 116). Unfortunately, nowhere in this brief historical statement is there any discussion as to why Rule 4(j) should not apply to service in a foreign country pursuant to Rule 4(i).

eventually attempting service in a foreign country pursuant to Rule 4(i).[4] Nevertheless, this Court feels compelled to follow the Ninth Circuit's holding in *Lucas* in finding that the Rule 4(j) exemption clause is applicable in a case like this, where plaintiff attempted to serve process on defendants in a foreign country pursuant to Rule 4(i) and where there is no reason to believe that plaintiff cannot make effective service pursuant to Rule 4(i) and the Hague Convention within a reasonable amount of time.

However, the foregoing analysis does not dispose of the entire appeal. Even though the Rule 4(j) exemption applies in the instant actions—and the 120–day rule therefore has no effect—courts nevertheless have the power to dismiss a case for failure to effect service of process within a reasonable time. *See* Fed.R.Civ.P. 41(b); *Anderson v. Air West, Inc.*, 542 F.2d 522, 525 (9th Cir.1976); *Meredith v. Bush*, 90 F.R.D. 512, 512 (E.D.Tenn.1981). Before the Rule 4(j) 120–day time limit was adopted in 1983, courts applied a "flexible due diligence standard" to the question of timely service of process. *Montalbano*, 766 F.2d at 740 n. 6 (citing Siegel, Practice Commentaries U.S.C.A. Rule 4, at 54 (West Supp.1985)); *Howmet Corp. v. Tokyo Shipping Co.*, 318 F.Supp. 658, 661 (D.Del.1970) ("failure to make service of process within a reasonable time ... may amount to want of prosecution").

■ Under this flexible due diligence standard, courts generally refused to dismiss cases where the delay was in the range of two or three months unless that delay caused the defendants hardship or prejudice. *Peters v. E.W. Bliss Co.*, 100 F.R.D. 341, 343 (E.D.Pa.1983); *Preston v. Mendlinger*, 83 F.R.D. 198, 199 (S.D.N.Y. 1979); *H. Alpers & Assocs v. Omega Precision Hand Tools, Inc.*, 62 F.R.D. 408, 412 (E.D.Pa.1974). This standard should be applied by the Bankruptcy Court in the instant cases.

■ By providing no reason other than "to save money" for its failure to even attempt to serve defendants under Rule 4(i) for more than 120 days after the filing of its complaints, plaintiff has failed to show that it acted with "due diligence." Nevertheless, defendants failed to show how plaintiff's delay caused them prejudice. Because this issue was not clearly determined by the Bankruptcy Court, this case is now remanded to that court in order to resolve that issue.

### III. CONCLUSION

Accordingly, for the reasons stated above, this Court finds that the Rule 4(j) 120–day service requirement is not applicable to the instant cases, and remands the case to the Bankruptcy Court to conduct further hearings regarding whether dismissal of the complaints was warranted under a Rule 41(b) "flexible due diligence" standard.

SO ORDERED.

---

4. This Court has no doubt but that plaintiff would be excused from the 120–day service requirement of Rule 4(j) if it had made a reasonable effort to serve the summonses and complaints during that time period, but had been unable to do so due to the complexity or requirements of foreign service. *See, e.g., Umbenhauer v. Woog*, 969 F.2d 25, 31 (3rd Cir.1992); *Geller v. Newell*, 602 F.Supp. 501, 502 (S.D.N.Y. 1984). In the instant case, however, no such attempt had been made.