**John C. BOLTES, Plaintiff,**

v.

**ENTEX, Defendant.**

**Civ. A. No. H–92–2171.**

United States District Court,
S.D. Texas.

Oct. 25, 1994.

John C. Boltes, pro se.

Richard R. Brann, Baker & Botts, Houston, TX, for defendant.

## *MEMORANDUM AND ORDER*

CRONE, United States Magistrate Judge.

### I. *Introduction.*

Pending before the court is Defendant Entex's Motion to Dismiss (Docket Entry # 28). Entex seeks dismissal of this action for insufficiency of service of process under FED. R.CIV.P. 12(b)(5). Plaintiff John C. Boltes ("Boltes") filed no response to Entex's motion. Therefore, the motion is deemed unopposed under Local Rule 6(E). Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, this court is of the opinion that Entex's motion should be granted.

### II. *Background.*

On July 21, 1992, Boltes filed an Application to Proceed *In Forma Pauperis* (Docket Entry # 1). United States District Judge Norman Black granted Boltes' application the same day. Boltes filed a complaint against Entex on July 22, 1992, alleging that Entex discriminated against him on the basis of his national origin and mental handicap in violation of 42 U.S.C. § 2000e–5.

On August 5, 1992, Boltes went to the offices of Entex at 1600 Smith Street in Houston, Texas, and attempted personally to serve process upon Paul Chamberlain, Director of Personnel for Entex. Mr. Chamberlain, however, was unavailable. Next, Boltes requested to speak with David Owen. Upon being informed that Mr. Owen also was unavailable, Boltes left a summons with a security guard who was deployed to escort him from the building. Boltes did not leave a copy of the complaint with anyone at Entex.

On September 1, 1992, Boltes telephoned Richard Brann ("Brann"), counsel for Entex, to ask whether Entex would respond to the "paper" he delivered. Brann explained that Boltes had not properly served Entex, but that he could not advise him how to serve the

lawsuit. Brann suggested that Boltes either hire an attorney or read the Federal Rules of Civil Procedure to learn the steps for serving a defendant. According to Brann, during the telephone conversation, Boltes implied that he would try to serve Entex correctly and "get something going."

On October 22, 1992, Boltes was sentenced to a term of imprisonment in the Texas Department of Criminal Justice—Institutional Division for possession of cocaine. Due to his incarceration, Boltes failed to appear before this court for an initial scheduling conference on November 3, 1992. Boltes also failed to appear before United States District Judge David Hittner for a show cause hearing on November 18, 1992. As a result, Judge Hittner dismissed Boltes' case for want of prosecution on November 18, 1992. Boltes was paroled on August 9, 1993, and his case was reinstated on March 21, 1994. To date, Boltes has made no further effort to effect service.

## III. *Analysis.*

Entex claims that this action should be dismissed because Boltes failed to comply with the requirements of FED.R.CIV.P. 4(c)(2) and (m) when attempting to serve Entex.

### A. *FED.R.CIV.P. 4(m).*

■ Entex asserts that Boltes did not comply with the 120–day limitation period for serving a summons and complaint currently set out in FED.R.CIV.P. 4(m). It is well established, however, that when considering whether a defendant has been properly served, a court looks to the version of the Federal Rules of Civil Procedure in effect at the time the complaint is filed. *Turner v. United States Envtl. Protection Agency,* 848 F.Supp. 711, 713 (S.D.Miss.1994); *Crysen/Montenay Energy Co. v. E & C Trading,* 166 B.R. 546, 552 (S.D.N.Y.1994). Therefore, because this action was filed prior to the date the 1993 amendments to the Federal Rules of Civil Procedure took effect, this court must look to the 1987 version of the Rules to determine whether Boltes complied with the applicable time limit for serving Entex.

■ In the 1987 version, Rule 4(j) governs the time limit for service of process. FED. R.CIV.P. 4(j) (1987); *Crysen/Montenay Energy Co. v. E & C Trading,* 166 B.R. at 552. Under the 1993 amendments to the rules, Rule (4)(j) was recodified as Rule 4(m). While the amendments change the wording slightly, the substance of the rule remains unchanged. *Id.*

Former Rule 4(j) provides in pertinent part:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Thus, former Rule 4(j) mandates dismissal of a case in which service is not accomplished within 120 days after the filing of the complaint, unless good cause is shown for failing to effect service within that time period. *Carimi v. Royal Carribean Cruise Line, Inc.,* 959 F.2d 1344, 1348 (5th Cir.1992); *Geiger v. Allen,* 850 F.2d 330, 332 (7th Cir. 1988); *Braxton v. United States,* 817 F.2d 238, 240 (3d Cir.1987); *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1305 (5th Cir.1985); *see also* 4A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1165 (1987).

■ The plaintiff bears the burden of showing good cause. FED.R.CIV.P. 4(j) (1987); *Kersh v. Derozier,* 851 F.2d 1509, 1512 (5th Cir.1988); *Geiger v. Allen,* 850 F.2d at 333; *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d at 1305; *Wei v. Hawaii,* 763 F.2d 370, 372 (9th Cir.1985). While "good cause," at a minimum, means excusable neglect, a plaintiff also may be required to show that (1) the party to be served personally received actual notice of the lawsuit; (2) the defendant would not suffer any prejudice by the court extending the 120–day deadline; and (3) the plaintiff would be severely prejudiced if his complaint were dismissed. *Boudette v. Barnette,* 923 F.2d 754,

756 (9th Cir.1991); *Hart v. United States,* 817 F.2d 78, 80–81 (9th Cir.1987).

■ The *pro se* status of a plaintiff does not constitute "good cause" for a plaintiff's failure to effect service. *Systems Signs Supplies v. United States Dep't of Justice,* 903 F.2d 1011, 1013 (5th Cir.1990); *Kersh v. Derozier,* 851 F.2d at 1512. The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law. *Systems Signs Supplies v. United States Dep't. of Justice,* 903 F.2d at 1014. As noted in *Kersh,* "to hold that complete ignorance of Rule 4(j) constitutes good cause for untimely service would allow the good cause exception to swallow the rule." *Kersh v. Derozier,* 851 F.2d at 1512 (citing *Townsel v. County of Contra Costa,* 820 F.2d 319, 320 (9th Cir.1987)). Thus, this court must look beyond Boltes' status as a *pro se* plaintiff when determining whether "good cause" exists for extending the 120-deadline for service of process.

Under former Rule 4(j), the 120 days is counted from "the filing of the complaint." In the instant case, Boltes filed his complaint on July 22, 1992. He attempted to serve Entex on August 5, 1992, but failed to provide Entex with a copy of the complaint, as required by Rule 4(j). Boltes also failed to follow former Rule 4(d)(3), which requires a plaintiff serving a corporate defendant to deliver a copy of the summons and the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service. FED.R.CIV.P. 4(d)(3) (1987). Although Boltes left a copy of the summons and the return of service with Coy Santos ("Santos"), a security guard employed by Entex, Santos is neither Entex's agent for service of process, an officer, nor a managing or general agent of Entex. Therefore, Boltes' attempted service on Entex was defective.

■ Judge Hittner dismissed Boltes' case for want of prosecution on November 18, 1992. As of that date, 118 days had passed from the day Boltes filed his complaint. Thus, when Boltes' suit was reinstated on March 21, 1994, he still had two days in which to effect service on Entex. The reinstatement of the lawsuit did not trigger an additional 120 days in which to effect service of process. *Geiger v. Allen,* 850 F.2d at 332. Rather, the 120–day period for service is tolled during the time between dismissal and reinstatement, and on the date of reinstatement, the case picks up as though it were never dismissed. *Id.; United States v. Jerry,* 487 F.2d 600, 607 (3d Cir.1973); *Wynne v. Rochelle,* 385 F.2d 789, 796 (5th Cir.1967); *Mitchell v. Joseph,* 117 F.2d 253, 255 (7th Cir.1941).

■ Boltes, however, did not serve Entex by March 23, 1994, which was the last day of the 120–day period for service of process. In fact, except for his August 5, 1992, attempt, Boltes apparently has made no effort to serve Entex. Although Boltes was recommitted to custody on May 13, 1994, a prisoner's custodial status does not preclude him from filing suit or from obtaining proper service of process. *See, e.g., Burrell v. Newsome,* 883 F.2d 416, 419 (5th Cir.1989). Accordingly, without a showing of good cause for his failure to serve Entex within the proper timeframe, Boltes' complaint must be dismissed. *See Carimi v. Royal Carribean Cruise Line, Inc.,* 959 F.2d at 1348.

Here, Boltes has made no effort to explain his failure to comply with the requirements of former Rule 4(j), as he filed no response to the instant motion. A review of the records reflects, however, that Boltes had both notice that his attempted service of process on Entex was defective and an opportunity to correct it within the 120–day time period. Boltes was first advised of the defective service during a telephone conversation with Brann on September 1, 1992, and received further notice of the improper service when Entex filed its statement of position on September 16, 1992. More recently, Boltes had an opportunity to explain his reasons for not correcting the defective service by filing a response to Entex's motion to dismiss. Although Boltes failed to avail himself of this opportunity, he has actively pursued this case after the motion to dismiss was filed on September 2, 1994, by filing unrelated motions and notices with this court, to which certificates of service were not appended. Therefore, Boltes has failed to show good cause for his failure to comply with the requirements of former Rule 4(j).

**114**

### B. FED.R.CIV.P. 4(c)(2).

Entex also claims that Boltes failed to comply with FED.R.CIV.P. 4(c)(2) by personally attempting to serve Entex. Former Rule 4(c)(2)(A) provides that process shall "be served by any person who is not a party and is not less than 18 years of age." FED.R.CIV.P. 4(c)(2)(A) (1987). Thus, a plaintiff is expressly prohibited from serving process upon a defendant. *See Browne v. N.Y.S. Court Sys.,* 599 F.Supp. 36, 38 (E.D.N.Y.1984). Under former Rule 4(c)(2)(C)(i), a summons and complaint may also be served upon a defendant pursuant to the law of the state in which the district court is held. FED.R.CIV.P. 4(c)(2)(C)(i) (1987). Under Texas law, "[n]o person who is a party to or interested in the outcome of a suit shall serve any process." TEX.R.CIV.P. 103 (1988). Hence, under Texas law, like federal law, a plaintiff cannot personally serve process upon a defendant. Therefore, Boltes' attempted service upon Entex was deficient on this ground, as well.

Boltes, however, was not without recourse. He could have requested that service be effected upon Entex by a court-appointed officer. Former Rule 4(c)(2)(B)(i) provides that at the request of a plaintiff authorized to proceed *in forma pauperis,* a summons and complaint shall be served by a United States marshal, deputy United States marshal, or by a person specially appointed by the court for that purpose. FED.R.CIV.P. 4(c)(2)(B)(i) (1987); *Boudette v. Barnette,* 923 F.2d at 757; *see also Rochon v. Dawson,* 828 F.2d 1107, 1109–10 (5th Cir.1987). Under established law, however, an *in forma pauperis* plaintiff who fails to request service by a court-appointed officer and does not arrange for proper service on his own may not continue litigating his suit. *See Rochon v. Dawson,* 828 F.2d at 1110. Thus, while Boltes, due to his *in forma pauperis* status, could have requested service by a court-appointed officer, he chose not to do so. Consequently, Boltes is precluded from litigating this action.

### IV. *Conclusion.*

Boltes failed to satisfy the requirements of FED.R.CIV.P. 4(j), as he did not serve process upon Entex within 120 days from the day he filed suit. Boltes also violated FED.R.CIV.P. 4(c)(2)(C)(i) when he personally attempted to serve Entex. Because Boltes never effected proper service upon Entex, the instant action must be dismissed.

Accordingly, Entex's motion to dismiss for insufficiency of service of process is GRANTED. Boltes' action against Entex is DISMISSED WITHOUT PREJUDICE.