133 F.3d 1141
 98 Cal. Daily Op. Serv. 330, 98 Daily Journal
D.A.R. 437
In re PINTLAR CORPORATION; Gulf USA Corp., Debtors.
Bernard GOODSON; Ford Elsaessar; Lowell Finley; and Jay
J. Miller, as Trustees, Plaintiffs-Appellees,
v.
David J. ROWLAND; Jeremy E. James; David L. Hudd; Derek
J. Moran, Defendants-Appellants.
In re PINTLAR CORPORATION; Gulf USA Corp., Debtors.
Bernard GOODSON; Ford Elsaessar; Lowell Finley; and Jay
J. Miller, as Trustees, Plaintiffs-Appellees,
v.
David J. ROWLAND; Jeremy E. James; David L. Hudd; Derek
J. Moran, Defendants,
and
Inoco PLC, a United Kingdom corporation, Defendant-Appellant.
 Nos. 96-36062, 96-36063.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Sept. 9, 1997 (No. 96-36062).
Submitted on the Briefs Sept. 9, 1997* (No. 96-36063).
Decided Nov. 3, 1997.
Amended Jan. 14, 1998.
 
 1
 Lawrence E. Carnevale, Carter, Ledyard & Milburn, New York City; John T. Mitchell, Mitchell & Mitchell, Coeur D'Alene, Idaho, for defendants-appellants.
 
 
 2
 Richard W. Reinthaler, New York City; Dianne Coffino, New York City; Givens, Pursley & Huntley, Boise, Idaho, for plaintiffs-appellees.
 
 
 3
 Appeals from the United States District Court for the District of Idaho; Edward J. Lodge, Chief Judge, Presiding. D.C. Nos. CV-96-00010-EJL, CV-96-00011-EJL.
 
 
 4
 Before: WRIGHT and SCHROEDER, Circuit Judges, and SCHWARZER,** Senior District Judge.
 
 SCHWARZER, Senior District Judge:
 
 5
 We must decide whether the bankruptcy court had personal jurisdiction over the defendants in this adversary proceeding under Fed. R. Bankr.P. 7004(f) ("Rule 7004(f)"), as amended subsequent to the commencement of this action.
 
 I. Procedural Background
 
 6
 Plaintiffs, the trustees (the "Trustees") of a litigation trust (the "Litigation Trust"), brought this adversary proceeding against defendants David J. Rowland, Jeremy E. James, David L. Hudd, Derek J. Moran (the "Rowland Directors") and Inoco Plc ("Inoco") to recover certain assets belonging to debtors Gulf USA Corporation ("Gulf") and its subsidiary, Pintlar Corporation ("Pintlar"). The amended complaint alleged counts for fraudulent conveyance under Bankruptcy Code §§ 544, 548 and 550, and for misrepresentation, breach of fiduciary duties, civil conspiracy, breach of contract and violation of Delaware corporation law. The bankruptcy court granted defendants' motion to dismiss count II (corporate waste and mismanagement) for lack of personal jurisdiction but denied the motion with respect to the other counts. On interlocutory appeal, the district court affirmed the bankruptcy court's order as to all counts except count VI (breach of contract), dismissing that count, and count II (corporate waste and mismanagement), reinstating that count. The district court certified its order for interlocutory appeal and we granted the Rowland Directors and Inoco permission to appeal under 28 U.S.C. § 1292(b); the Trustees do not appeal the dismissal of the breach of contract count.
 
 II. Factual Background
 
 7
 The Rowland Directors are foreign citizens who reside outside of the United States. Inoco is a publicly traded United Kingdom corporation, headquartered in England. At all relevant times, the Rowland Directors were officers of Inoco and Rowland, through intermediaries, owned a controlling interest in Inoco. The Rowland Directors acquired control of Gulf in 1989 when Inoco, through a subsidiary, purchased 34% of Gulf's outstanding shares. At the time, Gulf had assets exceeding $177 million but it also had potentially large liabilities. These liabilities arose out of the former ownership of the Bunker Hill mine by Gulf's subsidiary, Pintlar. They largely involve claims for environmental damage caused by the Idaho operations of Bunker Hill and claims for medical and pension benefits by its retired Idaho employees. The creditors holding these claims are beneficiaries of the Litigation Trust.
 
 
 8
 In their complaint, the Trustees allege that the Rowland Directors and Inoco, after taking control of Gulf, engaged in a course of conduct to loot and waste the assets of the company. They allege that the defendants entered into a series of transactions by which they transferred Gulf's assets into their control. When creditors became concerned over Gulf's ability to meet its obligations, Rowland sent a letter to former employees of Bunker Hill in Idaho, assuring them that Gulf would meet its obligations for employee benefits and environmental clean-up, assurances alleged to be false and fraudulent. In 1991, the Rowland Directors sold Inoco and their shares in Gulf. In 1993, involuntary bankruptcy petitions were filed against Gulf and Pintlar in the District of Idaho. This adversary proceeding followed. In it the Trustees seek to recover for the benefit of the Litigation Trust the assets of Gulf and Pintlar, which they claim were looted by defendants.
 
 
 9
 The district court held that the Idaho contacts of Rowland, Hudd and James were sufficient to find that they purposefully availed themselves of the Idaho forum. With respect to Moran and Inoco, the court found that, although they were not alleged to have taken actions directed at Idaho, the allegations of conspiracy were sufficient to satisfy the purposeful availment test. Parsing the controlling factors, the court concluded that the exercise of specific personal jurisdiction over the defendants under the Idaho long-arm statute would not be unreasonable and held them subject to personal jurisdiction on all claims other than the contract claim. We affirm, but on a different ground.
 
 III. Standard of Review
 
 10
 Plaintiffs have the burden of establishing personal jurisdiction but need to make only a prima facie showing of jurisdictional facts to avoid a motion to dismiss. Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co., 907 F.2d 911, 912 (9th Cir.1990). We review the record in the district court de novo to determine whether plaintiffs have established a prima facie case for personal jurisdiction over defendants. Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 269 (9th Cir.1995). Factual findings are reviewed for clear error. Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817 F.2d 75, 78 n. 2 (9th Cir.1987). All factual disputes are resolved in favor of the Trustees. Lake v. Lake, 817 F.2d 1416, 1420 (9th Cir.1987).
 
 IV. Personal Jurisdiction under Rule 7004(f)
 
 11
 A. Application of the Rule to the Pending Action
 
 
 12
 In 1994, when the Trustees commenced this action, Rule 7004 did not authorize personal jurisdiction over nonresidents on the basis of national contacts. The rule was amended, effective December 1, 1996,[1] to add subsection (f) which provides:
 
 
 13
 (f) Personal Jurisdiction
 
 
 14
 If the exercise of jurisdiction is consistent with the Constitution and the laws of the United States, serving a summons or filing a waiver of service in accordance with this rule or the subdivisions of Rule 4 F.R.Civ.P. made applicable by these rules is effective to establish personal jurisdiction over the person or any defendant with respect to a case under the Code, or a civil proceeding arising under the Code, or arising in or related to a case under the Code.
 
 
 15
 Fed. R. Bankr.P. 7004(f). Thus, under the new rule, personal jurisdiction may be obtained in proceedings under the Bankruptcy Code over nonresidents who are served in conformity with Rule 7004(a) or the applicable subdivisions of Fed.R.Civ.P. 4 ("Civil Rule 4") so long as the exercise of jurisdiction is consistent with the Constitution. See Fed. R. Bankr.P. 7004(f) and advisory committee notes (1996 Amendments) ("[S]ervice or filing a waiver of service in accordance with this rule or the applicable subdivisions of F.R.Civ.P. 4 is sufficient to establish personal jurisdiction over the defendant.").
 
 
 16
 The threshold question is whether the new Rule 7004(f) may be applied to an action commenced in 1994. The Supreme Court's order adopting the amended rules states that they "shall govern all proceedings ... thereafter commenced and, insofar as just and practicable, all proceedings in bankruptcy then pending." Communication from the Chief Justice, Amendments to the Federal Rules of Bankruptcy Procedure that Have Been Adopted by the Court, at 2, Apr. 24, 1996 (emphasis added). Application of the rule to this action therefore turns on whether it would be just and practicable. While in some circumstances we would remand so that the district court may exercise its discretion, we see no need to do so here. Remand is not necessary where the issue has been fully briefed on appeal, the record is clear and remand would "impose needless additional expense and delay...." Foster v. Skinner, 70 F.3d 1084, 1089 (9th Cir.1995) (citing Roundtree v. United States, 40 F.3d 1036, 1040 (9th Cir.1994)); Hoffman v. GMAC, 814 F.2d 1385, 1387 (9th Cir.1987).
 
 
 17
 This appeal is interlocutory and is limited to the issue of personal jurisdiction. Both sides have thoroughly briefed the issue, and applying the rule to this action is plainly practicable. Defendants argue, however, that to do so would be prejudicial because the claims against them would otherwise be barred by the prior rule. Their reliance on Chenault v. USPS, 37 F.3d 535 (9th Cir.1994), is misplaced. We held there that a newly enacted statute that shortens the applicable statute of limitations may not be applied retroactively to bar a plaintiff's claim that might otherwise be brought "because to do so would be manifestly unjust." Id. at 539. This clearly is not such a case. As the Supreme Court stated in Landgraf v. USI Film Products, 511 U.S. 244, 274, 114 S.Ct. 1483, 1501-02, 128 L.Ed.2d 229 (1994), "[w]e have regularly applied intervening statutes conferring or ousting jurisdiction, whether or not jurisdiction lay when the underlying conduct occurred or when the suit was filed.... Present law normally governs in such situations because jurisdictional statutes 'speak to the power of the court rather than to the rights or obligations of the parties.' " See also Duldulao v. INS, 90 F.3d 396, 399 (9th Cir.1996) (stating that "the 'presumption against retroactive application of new legislation to pending cases ... does not apply to rules conferring or withdrawing jurisdiction.' " (citation omitted)); Arrowhead Estates Dev. Co. v. United States Trustee, 42 F.3d 1306, 1311 (9th Cir.1994) (same); Friel v. Cessna Aircraft Co., 751 F.2d 1037, 1039 (9th Cir.1985) (stating that "when a statute is addressed to remedies or procedures and does not otherwise alter substantive rights, it will be applied to pending cases"); see also Driscoll v. Gebert, 458 F.2d 421(9th Cir.1972)(holding that newly enacted California long-arm statute applied to previously filed pending action).
 
 
 18
 Defendants' argument that they could not reasonably have expected being haled into court in Idaho is unpersuasive since they had at least to reckon with application of the Idaho long-arm statute to their dealings affecting Idaho creditors. None of the defendants offer facts to show that they would have behaved differently had they expected Rule 7004(f) to apply or that they have been otherwise prejudiced.[2] See McGee v. International Life Ins. Co., 355 U.S. 220, 224, 78 S.Ct. 199, 201-02, 2 L.Ed.2d 223 (1957) (stating that defendant "had no vested right not to be sued in California"). Moreover, weighing against defendants' arguments is the policy favoring consolidation in a common forum of all litigation relating to a bankruptcy in the interest of economy and efficiency-as opposed to having the litigation dispersed across two continents.
 
 B. Applying Rule 7004(f)
 
 19
 Defendants contend that even if Rule 7004(f) applies, personal jurisdiction cannot be exercised until the court determines that the defendants are "not subject to the jurisdiction of the courts of general jurisdiction of any state." Fed.R.Civ.P. 4(k)(2). Defendants' argument rests on the assumption that jurisdiction under Rule 7004(f) is subject to this limitation found in Civil Rule 4(k)(2). For support they rely on the introductory sentence of the advisory committee notes to the 1996 Amendment of Rule 7004 which states, "The new subdivision (f) is consistent with the 1993 amendments to F.R.Civ.P. 4(k)(2)." Fed. R. Bankr.P. 7004 advisory committee notes (1996 Amendments).
 
 
 20
 The plain language of Rule 7004(f) refutes the argument. It omits the critical language of Civil Rule 4(k)(2) that limits application to "any defendant who is not subject to the jurisdiction of the courts of general jurisdiction of any state." That the rule is not cloned from Civil Rule 4(k)(2) is shown, as well, by other differences in the text of the two rules. First, Rule 7004 cross-references only to those subdivisions of Civil Rule 4 "made applicable by these rules" and that does not include Rule 4(k)(2). See Fed. R. Bankr.P. 7004(a) ("Rule 4(a), (b), (c)(1), (d)(1), (e)-(j), (l), and (m) F.R.Civ.P. applies in adversary proceedings."). Second, Rule 7004(f)'s application is narrower than Civil Rule 4; Rule 7004(f) is limited to cases or civil proceedings arising or related to a case under the Bankruptcy Code. Finally, the advisory committee statement relied on by defendants is further explained by the sentence immediately following which states, "[Rule 7004(f) ] clarifies that service or filing a waiver of service in accordance with this rule or the applicable subdivisions of F.R.Civ.P. 4 is sufficient to establish personal jurisdiction over the defendant." Fed. R. Bankr.P. 7004(f) advisory committee notes. That statement confirms that the drafters' purpose was to incorporate the service provisions of the amended Civil Rule 4, not its limitation on personal jurisdiction.[3] We therefore decline to import into Rule 7004(f) the "not subject to the jurisdiction ... of any state" limitation of Civil Rule 4(k)(2).
 
 
 21
 Applying Rule 7004(f) as written, all of the requisite elements to support the exercise of jurisdiction are present.
 
 
 22
 The complaint, alleging claims under 11 U.S.C. §§ 544, 548, and 550, is a "civil proceeding arising under the [Bankruptcy] Code." Fed. R. Bankr.P. 7004(f).
 
 
 23
 The defendants were served "in accordance with [Rule 7004] or the subdivisions of Rule 4 F.R.Civ.P. made applicable by [Rule 7004]." Fed. R. Bankr.P. 7004(f). Rowland contends he was not properly served under pre-amendment Rule 7004(e) which states, "[t]he summons and complaint ... may be served as provided in [Civil Rule] 4(d)(1) and (d)(3)" for service in a foreign country. Fed. R. Bankr.P. 7004(e) (emphasis added). Rowland was served instead pursuant to Civil Rule 4(i) which is made applicable to adversary proceedings in bankruptcy under Rule 7004(a). See Fed. R. Bankr.P. 7004(a). Civil Rule 4(i), as it was in 1990, contained "Alternative Provisions for Service in a Foreign Country," and stated that a defendant in a foreign country may be served by any one of five specified methods. The district court correctly held service under Rule 4(i) to be sufficient. Its ruling was consistent with that of other courts, finding Rule 7004(e) to be permissive, not mandatory. See Schwinn Plan. Comm. v. AFS Cycle & Co., 190 B.R. 599, 608 (Bankr.N.D.Ill.1995); Official Comm. of Unsecured Creditors of Southold Dev. Corp. v. Mittemyer, 148 B.R. 726, 728 (E.D.N.Y.1992); In re Crysen/Montenay Energy Co. v. E & C Trading Ltd., 166 B.R. 546, 548-49 (S.D.N.Y.1994).
 
 
 24
 Finally, "the exercise of jurisdiction is consistent with the Constitution and the laws of the United States." Fed. R. Bankr.P. 7004(f). While the Rowland Directors do not contest the constitutional basis for personal jurisdiction, Inoco contends that it lacked sufficient contacts with the United States. The bankruptcy judge's findings suffice to establish defendants' contacts with the United States:
 
 
 25
 Thus, these alien defendants reached out to Gulf in the United States and forged a continuing relationship with it. The alleged looting of Gulf foreseeably caused Gulf injury in the United States where it was located.... [T]he alleged injuries arise out of the defendants' purposeful direction of their activities toward the United States....
 
 
 26
 * * * * * *
 
 
 27
 Inoco's sale of property located in Texas and New York to Gulf was activity directed to the United States ... As part of the conspiracy to loot Gulf, Inoco took control of a United States corporation.... Inoco purposefully interjected itself into the United States.
 
 V. Conclusion
 
 28
 The order of the district court is AFFIRMED and the matter is REMANDED for further proceedings.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and 9th Cir. R. 34-4
 
 
 **
 Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 [1]
 The district court took note of the forthcoming amendment but its order was issued before the effective date of the amendment
 
 
 [2]
 In their Petitions for Rehearing, appellants argue that they did not have an opportunity to offer facts to show "that they would have behaved differently had they expected amended Rule 7004(f) to apply." It is difficult to see how Rule 7004(f) might have induced them into behavior that the long-arm statute did not. The argument, in any event, is not persuasive in light of their failure to give any indication in their briefs or petitions what facts they might have offered for this purpose
 
 
 [3]
 This makes Rule 7004(f) consistent with the expansive jurisdictional reach of the bankruptcy courts, which are empowered to exercise jurisdiction over a debtor's property wherever located. See 28 U.S.C. § 1334(e)