**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LANNY L. CHRISTENSEN,

                    *Petitioner,*

v.

COMMISSIONER OF INTERNAL
REVENUE,

                    *Respondent.*

No. 06-71881

Tax Ct. No.
7387-05

OPINION

Appeal from a Decision of the
United States Tax Court

Argued and Submitted
November 9, 2007—Pasadena, California

Filed April 21, 2008

Before: Richard A. Paez and Johnnie B. Rawlinson,
Circuit Judges, and Suzanne B. Conlon,* District Judge.

Opinion by Judge Rawlinson

---

*The Honorable Suzanne B. Conlon, Senior United States District
Judge for the Northern District of Illinois, sitting by designation.

## COUNSEL

James G. LeBloch (briefed and argued), Newport Beach, California, for the petitioner.

Eileen J. O'Connor, David I. Pincus (briefed), Bethany B. Hauser (briefed); Robert J. Branman (argued), Washington, D.C., for the respondent.

## OPINION

RAWLINSON, Circuit Judge:

Lanny L. Christensen appeals from the Tax Court's summary judgment in favor of the Commissioner of Internal Revenue (Commissioner) on Christensen's claim for equitable

relief under 26 U.S.C. § 6015(f). The Tax Court determined that relief under § 6015(f) is available only to spouses who file a joint federal income tax return. Because the plain language, context, and legislative history of § 6015 support the Tax Court's interpretation of the statute, we affirm.

## I.  BACKGROUND

On September 14, 2004, Christensen filed a request with the Internal Revenue Service (I.R.S.) for relief from tax liabilities assessed against him for tax years 1989 through 1992. According to Christensen, the tax deficiencies resulted from improper income reporting within his wife's check-cashing business. Christensen argued that the deficiencies should not be attributed to him, given his lack of involvement in the business. Christensen sought relief from the liabilities as an "innocent spouse" under § 6015, or, alternatively, for relief under community property laws.

The I.R.S. denied Christensen's request for relief as an innocent spouse under § 6015, and its predecessor, § 6013(e), on the ground that those sections apply only to taxpayers who file joint returns with their spouses, and Christensen had not done so from 1989 through 1992. The I.R.S. also denied his request for relief under § 66, which relieves community property liability under some circumstances.[1]

Christensen petitioned for review before the Tax Court. The Tax Court granted summary judgment for the Commissioner to the extent Christensen sought relief under § 6015. The Tax Court held that relief under the statute is available only to taxpayers who file joint returns, and, as Christensen

---

[1]The I.R.S. initially informed Christensen that the tax liability from 1989 through 1992 was solely attributable to his own social security number. The record shows, however, that the liability assessments included income reported under Christensen's wife's social security number, for which he is jointly liable under California community property laws.

concedes, he did not file a joint return. The Tax Court dismissed Christensen's claims under § 66(c) and § 6013(e) for lack of jurisdiction. Christensen filed a timely appeal seeking review of his request for equitable relief under § 6015(f) for tax years 1989 and 1990.[2]

## II. STANDARD OF REVIEW

We review *de novo* the Tax Court's conclusions of law, including its interpretation of the Internal Revenue Code (I.R.C.). *Ewing v. Comm'r*, 439 F.3d 1009, 1012 (9th Cir. 2006).

## III. JURISDICTION

The Tax Court "may exercise jurisdiction only to the extent authorized by Congress." *Id.* at 1012 (citation omitted). Although neither of the parties challenges the Tax Court's jurisdiction, we must consider as a threshold matter whether the Tax Court had authority to review the Commissioner's denial of equitable relief under § 6015(f). *See Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1021 (9th Cir. 2007) (questioning *sua sponte* on appeal the district court's subject matter jurisdiction).

[1] We noted in *Ewing* that "the question of the Tax Court's jurisdiction over an appeal of an adverse determination under I.R.C. § 6015(f) is not free from doubt." 439 F.3d at 1014 n.4 (citation and internal quotation marks omitted); *see also id.* at 1013 (holding that the Tax Court lacked jurisdiction to review the § 6015(f) claim because no deficiency had been asserted). Following *Ewing*, Congress amended § 6015(e) to expressly grant the Tax Court jurisdiction to

---

[2]On appeal, Christensen does not challenge the dismissal of his claims under § 66 or § 6013 for lack of jurisdiction. Additionally, he concedes that he does not qualify for relief under any subsection of § 6015 during 1991 and 1992, after his wife's death in late 1990.

review denials of relief under § 6015(f). Tax Relief and Health Care Act of 2006, Pub. L. No. 109-432, § 408(a), 120 Stat. 2922, 3061-62 (codified as amended at 26 U.S.C. § 6015(e)).**³** The amendment to § 6015(e) resolves the jurisdictional doubt raised in *Ewing*, and we now hold that the Tax Court has jurisdiction over a petition for review of an adverse determination under § 6015(f).

Under the amendment to § 6015(e), the Tax Court would have had express jurisdiction over Christensen's § 6015(f) claim as of December 20, 2006, the date of enactment. *See* Tax Relief and Health Care Act of 2006, Pub. L. No. 109-432, § 408(c), 120 Stat. at 3062 ("The amendments made by this section shall apply with respect to liability for taxes arising or remaining unpaid on or after the date of the enactment of this Act."). The Tax Court entered its order on January 10, 2006, however, prior to the amendment's effective date.

**[2]** Where, as here, a new statutory provision confers jurisdiction while an action is pending, we normally apply the new rule regardless of whether the court below had jurisdiction when the suit was filed or judgment was entered. *See Goodson v. Rowland (In re Pintlar Corp.)*, 133 F.3d 1141, 1144-45 & n.1 (9th Cir. 1998) (applying a jurisdiction-granting bankruptcy rule on appeal that took effect after the order was entered by the district court). We do so because "[a] jurisdictional statute usually takes away no substantive right but simply changes the tribunal that is to hear the case." *Duldulao v. INS*, 90 F.3d 396, 399 (9th Cir. 1996) (quoting *Landgraf v. USI Film Prods.*, 511 U.S. 244, 114 S. Ct. 1483, 1501 (1994)) (internal quotation marks omitted). By comparison, when a

---

**³**The amended section states: "In the case of an individual against whom a deficiency has been asserted and who elects to have subsection (b) or (c) apply, or in the case of an individual who requests equitable relief under subsection (f)— . . . the individual may petition the Tax Court (and the Tax Court shall have jurisdiction) to determine the appropriate relief available to the individual under this section . . ." 26 U.S.C. § 6015(e).

newly enacted statute impairs a substantive right, we generally presume prospective effect only, in order to "prevent[ ] the assigning of a quality or effect to acts or conduct which they did not have or did not contemplate when they were performed." *Friel v. Cessna Aircraft Co.*, 751 F.2d 1037, 1039 (9th Cir. 1985) (citation omitted). A change in jurisdiction, however, does not present the same concerns because it "speak[s] to the power of the court rather than to the rights or obligations of the parties." *In re Pintlar Corp.*, 133 F.3d at 1145 (citations omitted).

**[3]** Thus, we conclude that the Tax Court had jurisdiction to review Christensen's § 6015(f) claim.

## IV.  DISCUSSION

### A.  Tax Relief for Spouses with Joint Liability

The Internal Revenue Code addresses two circumstances under which spouses may face joint tax liability for each others' income: when a joint return is filed or by operation of state community property laws. *See*, *e.g.*, 26 U.S.C. § 6013(d)(3) (providing that "if a joint return is made, the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several"); *see also id.* § 66 (addressing joint liability arising from state community property laws).

**[4]** The Commissioner has the authority to relieve one spouse from tax liability attributable to the other. *See*, *e.g.*, *id.* §§ 66(c), 6015(b), (c), (f). Section 6015, entitled "relief from joint and several liability on joint return," provides three categories of relief:

    1.  It relieves an innocent spouse from an understatement of tax attributable to the other spouse's taxable income where the innocent

spouse had no reason to know of the income, 26
U.S.C. § 6015(b);

2.  It relieves a separated spouse from an under-
    statement of tax attributable to the other spouse
    if the joint filers are living apart, no longer mar-
    ried, or legally separated, *id.* § 6015(c); and

3.  It authorizes equitable relief from an understate-
    ment or underpayment of tax if a petitioning
    spouse does not qualify for relief under either of
    the first two options, *id.* § 6015(f).

Section 66 provides similar relief from joint liability pursu-
ant to community property laws. Like § 6015, § 66 provides
relief for separated spouses and innocent spouses. *See, e.g.,* 26
U.S.C. § 66(a) (addressing treatment of community property
income for separated spouses); *see also id.* § 66(c) (providing
relief for innocent spouses).

### B.  The Plain Language and Context of the Statute Require a Joint Return for Relief Under § 6015(f)

Christensen argues that § 6015(f) is available to spouses
who face joint liability under community property laws but do
not file a joint return. We disagree. In light of the plain lan-
guage of § 6015 and the context of the statute, we conclude
that § 6015(f) is available only to spouses who file a joint return.[4]

"The starting point for any statutory interpretation is the
language of the statute itself." *Singh v. Gonzales,* 499 F.3d
969, 977 (9th Cir. 2007) (citations omitted). "When we look

---

[4]We thus agree with the holding of the Tax Court in *Raymond v.
Comm'r,* 119 T.C. 191 (2002), although we reach the same result by a
slightly different analysis. *See id.* at 196-97 (relying on administrative pro-
nouncements by Commissioner and legislative history, rather than plain
language and context of statute).

to the plain language of a statute in order to interpret its meaning, we do more than view words or sub-sections in isolation. We derive meaning from context, and this requires reading the relevant statutory provisions as a whole." *Carpenters Health & Welfare Trust Funds v. Robertson (In re Rufener Constr.)*, 53 F.3d 1064, 1067 (9th Cir. 1995) (citations omitted). In addition, we look to the language of the statutory scheme as a whole to interpret the particular statutory provision. *W. Coast Truck Lines, Inc. v. Arcata Cmty. Recycling Ctr., Inc.*, 846 F.2d 1239, 1242 (9th Cir. 1988).

**[5]** Here, our first indication of the statute's scope is set forth in the title of § 6015: "Relief from joint and several liability *on joint return*." 26 U.S.C. § 6015 (emphasis added); *see also Singh*, 499 F.3d at 977 ("Although statutory titles are not part of the legislation, they may be instructive in putting the statute in context.") (citation omitted). By using this title, "Congress must have intended to introduce the subject that was to follow:" relief for spouses who file joint returns. *Moldo v. Matsco, Inc. (In re Cybernetic Servs., Inc.)*, 252 F.3d 1039, 1050 (9th Cir. 2001) (using statute's title as an interpretation tool).

**[6]** Next, comparing the language of the statute's subsections, we note that § 6015(f) does not explicitly require the filing of a joint tax return as a procedural requirement for relief,[5] whereas § 6015(b) and (c) do. *Compare* 26 U.S.C. § 6015(b)(1)(A) (allowing relief if, *inter alia*, "a joint return has been made for a taxable year"), and *id.* § 6015(c)(1) (limiting joint liability where, *inter alia*, "an individual who has made a joint return for any taxable year elects application of

---

[5]"Under procedures prescribed by the Secretary, if — (1) taking into account all the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or any deficiency (or any portion of either); and (2) relief is not available to such individual under subsection (b) or (c), the Secretary may relieve such individual of such liability." 26 U.S.C. § 6015(f).

[the] subsection"), *with id.* § 6015(f) (allowing equitable relief for individuals who do not qualify for relief under subsections (b) or (c), without reference to a joint return). The language in § 6015(e) and (h), however, implies a joint return requirement for § 6015(f). For example, § 6015(e) directs the Tax Court to "establish rules which provide the individual filing a joint return but not making the election under subsection (b) or (c) or the request for equitable relief under subsection (f) with adequate notice and an opportunity to become a party . . ." 26 U.S.C. § 6015(e)(4). Similarly, § 6015(h) refers to the non-petitioning spouse in a § 6015(f) claim, to whom notice must be sent, as "the other individual filing the joint return." 26 U.S.C. § 6015(h)(2). This language indicates that Congress anticipated a joint return where a spouse petitions for relief under § 6015(f).

Christensen contends that if we were to interpret § 6015(f) to require a joint filing, the requirements of § 6015(b) and (f) would be essentially the same. We should avoid an interpretation that would render the subsections redundant. *See Spencer Enters., Inc. v. United States*, 345 F.3d 683, 691 (9th Cir. 2003) (noting the "cardinal rule of statutory interpretation that no provision should be construed to be entirely redundant") (citation omitted). However, even with a joint filing requirement, relief under § 6015(f) is distinct from relief under § 6015(b). For relief under § 6015(b), a taxpayer must show an understatement of tax attributable to his or her spouse and a lack of knowledge about the understatement. 26 U.S.C. § 6015(b)(1)(B)-(C). By comparison, a taxpayer may qualify for relief under § 6015(f) for an understatement or an underpayment and need not show lack of knowledge. *Id.* § 6015(f) (addressing liability for "any unpaid tax or any deficiency (or any portion of either)"). Thus, requiring a joint filing under both § 6015(b) and (f) does not render either subsection redundant. *See United States v. Johnson Controls, Inc.*, 457 F.3d 1009, 1015-16 (9th Cir. 2006) (concluding that an overlap in some requirements between subsections does not create redundancy).

**[7]** Finally, we view the language of § 6015(f) in the context of the overall statutory scheme. *W. Coast Truck Lines, Inc.*, 846 F.2d at 1242; *In re Cybernetic Servs.*, 252 F.3d at 1050-51. Congress enacted similar equitable relief provisions in § 66(c) and § 6015(f) simultaneously, with the passage of the Internal Revenue Service Restructuring and Reform Act of 1998. *See* Pub. L. 105-206, § 3201(a)-(b), 112 Stat. 685, 734-40. Both statutes provide relief for innocent spouses and separated spouses. *See* 26 U.S.C. §§ 66(a), (c), *id.* § 6015(b), (c), (f). We assume that these separate provisions, passed under the same act, each have a "proper application distinct from and harmonious with that of the other." *Wood v. A. Wilbert's Sons Shingle & Lumber Co.*, 226 U.S. 384, 389 (1912); *see also Spokane Indian Tribe v. United States*, 972 F.2d 1090, 1094 (9th Cir. 1992) (adopting the statutory interpretation "which can 'most fairly be said to be . . . harmonious with its scheme and with the general purposes that Congress manifested' ") (citation omitted). As its title explains, § 66 addresses "Treatment of community income." Section 6015 addresses "Relief from joint and several liability on Joint Return." Taken together, the similar and separate equitable provisions indicate that Congress intended spouses facing joint liability from community property laws to seek equitable relief under § 66(c) and spouses facing joint liability from joint tax returns to seek equitable relief under § 6015(f).[6]

---

[6]Our conclusion is consistent with the Commissioner's administrative pronouncements expressly requiring the filing of a joint return as a precondition to equitable relief under § 6015(f). *See* Treas. Reg. § 1.6015-4 (as amended in 2002) ("A requesting spouse who files a joint return . . . and who does not qualify for full relief under § 1.6015-2 or 1.6015-3 may request equitable relief under this section."); *see also* Rev. Proc. 2003-61, 2003 WL 21708514, § 4.01 (listing filing of a joint return as one of several "threshold conditions" for equitable relief under § 6015(f)). Because this case may be decided based on the plain language and context of the statute, however, we need not consider what level of deference, if any, should be accorded these administrative pronouncements. *See Metro Leasing & Dev. Corp. v. Comm'r*, 376 F.3d 1015, 1024 & nn.10-11 (9th Cir. 2004).

**[8]** We conclude that the plain language and context of the statute support a conclusion that relief under § 6015 is limited to spouses who file a joint return.

### C.	The Legislative History of § 6015 Does Not Reveal a Contrary Congressional Intent

Even though the plain language and context of the statute indicate a joint return requirement, we may look to see if the legislative history clearly expresses a contrary intent. *See Adams v. Bowen*, 872 F.2d 926, 928-29 (9th Cir. 1989) (reviewing legislative history despite statute's unambiguous language and concluding that nothing in the history compelled a contrary reading of the statute). The conference report accompanying the enactment of § 6015 discusses equitable relief for spouses who file joint returns:

> The conferees do not intend to limit the use of the Secretary's authority to provide equitable relief to situations where tax is shown on a return but not paid. The conferees intend that such authority be used where, taking into account all the facts and circumstances, it is inequitable to hold an individual liable for all or part of any unpaid tax or deficiency arising from a joint return.

H.R. Conf. Rep. No. 105-599, at 254 (1998). The language in § 6015(f) mirrors the language in the conference report allowing the Secretary to provide "equitable relief" from "any unpaid tax or any deficiency." The report suggests that Congress assumed a joint return as a prerequisite to equitable relief under § 6015(f).

Christensen argues that the report's reference to "equitable relief" describes relief under § 6015(b), not (f). The language in § 6015(b), however, does not include the term "equitable relief" and applies only to "an understatement of tax." Thus, the reference to "equitable relief" from joint returns logically

relates to § 6015(f), not to § 6015(b). Accordingly, the language in the conference report expresses a legislative intent consistent with our conclusion that equitable relief under § 6015(f) is available only if a joint return is filed.

## V.   CONCLUSION

In light of the plain language, context, and legislative history of § 6015, we conclude that relief under § 6015(f) is available only to taxpayers who file joint federal income tax returns.

**AFFIRMED.**