NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 11 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM A. GODDARD; LGI, LLP; GODDARD, LLP; JPF INVESTMENTS I LLC; JPF REALTY IV LLC, <br><br> Petitioners - Appellants, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant - Appellee. | No. 24-5449 <br><br> D.C. No. 2:24-cv-01279-FLA-RAO <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Submitted June 9, 2025**
Pasadena, California

Before: CLIFTON, IKUTA, and FORREST, Circuit Judges.

Petitioners appeal the district court's dismissal and denial of their petition to

quash a summons issued by the Internal Revenue Service (IRS). We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction pursuant to 28 U.S.C. § 1291. Under de novo review, we affirm. *Libitzky v. United States*, 110 F.4th 1166, 1171 (9th Cir. 2024).

The district court correctly concluded that it lacked jurisdiction over the petition. When issuing a third-party summons, the IRS must normally give notice to anyone identified in the summons, and sovereign immunity is waived to permit them to petition to quash. 26 U.S.C. §§ 7609(a)(1), (b)(2), (h). But no notice is needed—and sovereign immunity is thus not waived—when the summons is "issued in aid of the collection" of "an assessment made . . . against the person with respect to whose liability the summons is issued." *Id.* § 7609(c)(2)(D)(i); *see Polselli v. IRS*, 598 U.S. 432, 438 (2023).

The summons at issue here satisfies this exception. The IRS assessed nearly $400,000 against William Goddard for tax year 1999. The summons named "William A. Goddard" and stated as relevant the income tax form "for the period ending December 31, 1999." It sought documents from January 2023 to the present, indicating that its purpose was collection, not a liability determination. The summons also cited to 26 U.S.C. § 7609(c)(2)(D), the very provision that contains the "in aid of the collection" exception, which further reveals that the summons was issued to aid collection. A declaration from an IRS agent confirms that "[t]he purpose of issuing the summons was to aid in the collection of Mr. Goddard's unpaid, assessed tax liabilities for, among other periods, the tax year

2                                                    24-5449

1999." Accordingly, Petitioners were not entitled to notice of the summons, sovereign immunity was not waived, and the district court lacked jurisdiction over the petition.

To the extent Petitioners argue that the summons was not "in aid of the collection" because it was issued in bad faith, this argument falls short. The IRS has met its "slight" burden of showing that the summons was issued in good faith, *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993), by submitting an IRS agent's declaration attesting that (1) the summons was issued for the "legitimate purpose" of obtaining financial information related to Goddard's "unpaid tax liabilities"; (2) the U.S. Bank records would contain information "relevant to [the] investigation"; (3) this information was "not already in the IRS'[s] possession"; and (4) "[t]he administrative steps preceding the issuance of the U.S. Bank summons ha[d] been satisfied." *See United States v. Powell*, 379 U.S. 48, 57–58 (1964). This "simple affidavit from the investigating agent" satisfies the IRS's burden. *United States v. Clarke*, 573 U.S. 248, 254 (2014). And Petitioners fail to "point[] to specific facts or circumstances plausibly raising an inference of improper motive." *Id.* at 256. Petitioners' allegations do not give rise to such an inference because they identify no evidence that the IRS as an institution, as opposed to a single agent, acted with an improper motive. *See United States v. Stuckey*, 646 F.2d 1369, 1375 (9th Cir. 1981).

**AFFIRMED.**